IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>THOMAS SCHROPP,<br><br>　　　　　　Defendant. | **8:12CR300**<br><br>**ORDER** |

　　　　This matter is before the court on the defendant's motion for new trial or judgment of acquittal, Filing No. 98.  The defendant contends there was insufficient evidence offered to show beyond a reasonable doubt as to all of the essential elements of each of count on which the jury found him guilty.  In particular, he challenges the court's denial of his motion for mistrial after the government presented evidence to the jury in the form of photographs which were taken nearly six years after the fact and were thus misleading and without proper foundation and relevance.  Further, he contends the prosecutor intentionally mislead the jury in regard to the sentence faced by William Richards, a cooperating witness. He argues that the misrepresentation of the sentence then resulted in an erroneous instruction to the jury, which was then corrected, but nonetheless resulted in the confusion of the jury and affected Schropp's right to a fair trial.  Also, the defendant contends the verdicts are contrary to the weight of the evidence and unsupported by substantial evidence.  He argues that no reasonable jury could have convicted him based upon the testimony of the government's witnesses and other evidence presented at trial.

A judgment of acquittal is only appropriate when the government has failed to introduce "substantial evidence justifying an inference of guilt irrespective of any countervailing testimony that may be introduced." *United States v. Cunningham*, 83 F.3d 218, 222 (8th Cir. 1996). A trial court may grant a timely motion for judgment of acquittal only if it finds, after viewing the evidence in the light most favorable to the government, resolving evidentiary conflicts in favor of the government, and accepting all reasonable inferences drawn from the evidence, that there is no interpretation of the evidence that would allow a reasonable jury to find the defendant guilty beyond a reasonable doubt. See *United States v. Bates*, 77 F.3d 1101, 1104-05 (8th Cir. 1996); *United States v. Gomez*, 165 F.3d 650, 654 (8th Cir. 1999); *United States v. Rodriguez*, 367 F.3d 1019, 1028 (8th Cir. 2004) (a conviction will be reversed only if no reasonable jury could have convicted the defendant). The court is not to weigh the evidence or to substitute its assessment of the credibility of the testimony for that of the jury. *United States v. Thompson*, 285 F.3d 731, 733 (8th Cir. 2002); *Rodriguez*, 367 F.3d at 1028 (stating that in a sufficiency review, the evidence is viewed in the light most favorable to the verdict, and all reasonable inferences supporting the verdict are accepted as established). The court's latitude to grant the motion for judgment of acquittal is, quite obviously, "limited." *United States v. Robbins*, 21 F.3d 297, 298 (8th Cir. 1994).

The court may grant a new trial to the defendant "if the interest of justice so requires." Fed. R. Crim. P. 33. The decision to grant a Rule 33 motion is within the sound discretion of the district court, and will be reversed only for an abuse of that discretion. *United States v. Dodd*, 391 F.3d 930, 934 (8th Cir. 2004). The district court's discretion is broad in that it may "weigh the evidence, disbelieve witnesses, and

grant a new trial even where there is substantial evidence to sustain the verdict." *Id.*; see also United States v. Martinson, 419 F.3d 749, 752 (8th Cir. 2005) (noting that motions for judgment of acquittal and motions for new trial are different motions with different substantive standards). "In determining whether to grant a motion for a new trial on the ground the verdict is contrary to the weight of the evidence, '[t]he district court need not view the evidence in the light most favorable to the verdict; it may weigh the evidence and in so doing evaluate for itself the credibility of the witnesses.'" United States v. Anwar, 428 F.3d 1102, 1109 (8th Cir. 2005). If, after doing so, the court determines "the evidence preponderates sufficiently heavily against the verdict that a serious miscarriage of justice may have occurred, it may set aside the verdict, grant a new trial, and submit the issues for determination by another jury." *Id.* With respect to allegations of trial error, the court should "balance the alleged errors against the record as a whole and evaluate the fairness of the trial" to determine whether a new trial is appropriate. United States v. McBride, 862 F.2d 1316, 1319 (8th Cir. 1988). The granting of a new trial under Fed. R. Crim. P. 33 "is a remedy to be used only 'sparingly and with caution.'" Dodd, 391 F.3d at 934 (quoting *United States v. Campos,* 306 F.3d 577, 579 (8th Cir. 2002).

Viewing the facts in the light most favorable to the government, and giving it the benefit of all reasonable inferences, the court finds the evidence is sufficient to sustain the jury's verdict. The jury obviously credited the testimony of cooperating witnesses. That evidence, together with evidence of the defendant's precarious financial circumstances, was sufficient evidence from which the jury could find that the defendant

was guilty of arson and mail and wire fraud. Further, the jury obviously disbelieved the defendant. Credibility is a determination for the trier of fact.

In the context of the record as a whole, the court finds the jury instructions properly instructed on the law. Any potential jury confusion over the penalty instruction with respect to cooperating witness/accomplice William Richards was cured by the court's subsequent instruction to the jury.[1] In light of the fact that other cooperating witnesses/accomplices also testified for the government and corroborated Richards's testimony, any confusion over the penalty would not have affected the verdict or affected the fairness of the trial. Similarly, the admission of the photographs, if error, is not an error of such magnitude as to affect the fairness of the trial. The defense was permitted to cross-examine with respect to the photographs. The court finds no miscarriage of justice has occurred. Accordingly,

IT IS ORDERED that defendant's motion for new trial or a judgment of acquittal ([Filing No. 98](#)) is denied.

Dated this 24th day of February, 2015

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge

---

[1] After the jury was released to deliberate, the court summoned the jurors back to the courtroom to be informed that Richards was in fact facing a mandatory minimum sentence of 5 years and that only the government could petition the Court to reduce any sentence to a term below the mandatory minimum sentence.