IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                 Plaintiff,<br><br>vs.<br><br>THOMAS SCHROPP,<br><br>                 Defendant. | 8:12CR300<br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on defendant's motion to vacate under 28 U.S.C. § 2255. Filing No. 162. The Court initially reviewed this case, and ordered the government to file an answer addressing defendant's two ineffective counsel claims. Filing No. 163. The government filed its answer. Filing No. 167.

The government filed an Indictment charging Schropp with six counts. A jury found defendant guilty of Counts I-VI respectively, one count of arson of a building used in interstate commerce, one count of mail fraud, three counts of wire fraud, and one count of use of fire to commit a federal felony.[1] The Court sentenced defendant to imprisonment for seventy (70) months on Count I, seventy (70) months on Count II, seventy (70) months on Count III, seventy (70) months on Count IV, and seventy (70) months on Count V, said terms to run concurrently; and one hundred twenty (120) months on Count VI, said term to run consecutive to the term imposed on Counts I-V. Filing No. 124. The Eighth Circuit affirmed defendant's conviction and sentence. Filing No. 159.

---

[1] Defendant was indicted on Count I for violating 18 U.S.C. § 844(i), Count II for violating 18 U.S.C. § 1341, Count III-V for violating 18 U.S.C. § 1343, and Count VI for violating 18 U.S.C. § 844(h).

In his § 2255 motion, the defendant alleges his counsel was ineffective for the following reasons: (1) for counsel's failure to argue a double jeopardy claim appropriately; (2) for counsel's failure to raise judicial error that created a dichotomy between the oral and written pronouncement of his sentencing.

Ineffective assistance of counsel issues are appropriately raised in collateral proceedings. *United States v. Hughes*, 330 F.3d 1068, 1069 (8th Cir. 2003). "The right to counsel is a fundamental right of criminal defendants; it assures the fairness, and thus the legitimacy, of our adversary process." *Kimmelman v. Morrison*, 477 U.S. 365, 374 (1986). The right to counsel includes the right to reasonably effective counsel. *Strickland v. Washington*, 466 U.S. 668, 694 (1984). The defendant must show that there is a reasonable probability that the result of his proceedings would have been different if his lawyer had competently performed. *King v. United States*, 595 F.3d 844, 852 (8th Cir. 2010). To establish prejudice under *Strickland*, a petitioner must "demonstrate that there is a reasonable probability that, but for counsel's claimed unprofessional errors, the result of the proceeding would have been different." *Christenson v. Ault*, 598 F.3d 990, 996 (8th Cir., 2010).

Defendant first claims that he has incurred multiple punishments for the same act or transaction. Schropp claims that Count I[2] and Count VI[3] are based on the same act or transaction and impose multiple punishments for the same criminal act, violating the

---

[2] Count I charges the defendant with arson of a building used in interstate commerce or aiding and abetting an individual who commits arson of a building used in interstate commerce under 18 U.S.C. § 844(i).

[3] Count VI charges the defendant with the use of fire to commit a federal felony or aiding and abetting an individual who uses fire in the commission of a federal felony under 18 U.S.C. § 844(h).

Fifth Amendment's Double Jeopardy Clause. The double jeopardy clause is violated in a single proceeding only where multiple punishments are imposed for the same crime contrary to the legislature's intent. *Jones v. Thomas*, 491 U.S. 376, 380-81 (1989).

In order to determine whether Count I and Count VI are the same offense, the Court looks to the test employed in *Blockburger v. United States,* 284 US 299, 304 (1932). Here, each of the offenses requires proof of a different element. Schropp violated both sections of the statute by a single act; therefore, two offenses were committed. *See Id.*

The language of the elements within the statutes and the jury instructions demonstrates the independent nature of the two violations and defense counsel is not required to assert arguments that lack merit. Filing No. 96 and Filing No. 97. The Court finds counsel's failure to object to charges for double jeopardy grounds was not deficient because there was no violation of double jeopardy involved. The evidence supports a conviction for both the 18 U.S.C. § 844(h) violation and the 18 U.S.C. § 844(i) violation. Therefore, Schropp does not have a valid argument on this point. The defendant's claim that the 18 U.S.C. § 844(i) conviction is a lesser or included crime within 18 U.S.C. § 844(h) is denied. Defendant received convictions and sentencing on two separate crimes because the elements of both Count I and Count VI are independent. Consequently, there is no ineffective assistance of counsel as to the double jeopardy claim.

Schropp also contends that both trial and appellate counsel rendered deficient performance by failing to raise judicial error that created a dichotomy between oral and

3

written pronouncement of his sentencing. Within this claim, he challenges language used in the written order regarding restitution.

Typically, the 28 U.S.C. § 2255 "cannot be utilized by a federal prisoner who challenges only the restitution potion of his sentence." *United States v. Bernard*, 351 F.3d 360-61 (8th Cir. 2003). The Court recognizes that the "the relief [Schropp] request[ed] does not qualify as a 'right to be released,' as dictated by 28 U.S.C. § 2255." *Id.* at 361. However, the present defendant is not challenging the substance of the restitution, merely the judicial error in the language of the written and oral pronouncements of the conditions of his restitution. The defendant is entitled to review of this ineffective counsel claim. Where there is discrepancy between a written and oral order, a petitioner is entitled to the enforcement of the oral pronouncement of the order. *Johnson v. Mabry*, 602 F.2d 167, 170 (8th Cir. 1979).

Defendant argues that the restitution payments were "to start 30 days following his discharge from incarceration." Filing No. 132, Sentencing Transcript. While this is true, the Court also stated in the oral pronouncement of sentencing that, "This [order] does not affect the government's ability to levy against other assets that the defendant might have with respect to restitution." *Id.* The judgment and commitment order does not conflict with the oral sentencing order because the Court held that the oral order does not affect the government's ability to levy the defendant's other assets. Consequently, there is no ineffective assistance of counsel claim in this regard. The Court holds that the defendant's claims are without merit and are dismissed. Accordingly,

THEREFORE IT IS ORDERED THAT:

1. The defendant's § 2255 motion, Filing No. 162, is dismissed;

2. A separate judgment will be entered in accordance with this Memorandum and Order.

Dated this 26th day of June, 2018.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge